**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BLANCHARD TRAINING AND DEVELOPMENT, INCORPORATED, a California corporation,<br><br>                              Plaintiff,<br>        v.<br>LEADERSHIP STUDIES, INC., a California corporation,<br><br>                              Defendant. | CASE NO. 15cv2142 WQH (KSC)<br><br>ORDER |

HAYES, Judge:

    The matter before the Court is the motion to dismiss (ECF No. 8) filed by Defendant Leadership Studies, Inc. ("Leadership").

**I. Background**

    On August 17, 2015, Leadership filed a related case against Blanchard Training and Development Studies, Inc. ("Blanchard"), *Leadership Studies, Inc. v. Blanchard Training and Development, Inc. et al.*, 15cv1831-WQH-KSC, (the "Leadership Complaint") alleging claims of breach of written contract, breach of the covenant of good faith and fair dealing, trademark infringement, unfair competition, copyright infringement, accounting, and declaratory relief. (ECF No. 1, Ex. A). In the Declaration of Josh Lawler filed by Leadership in support of its motion to dismiss, Leadership Attorney Josh Lawler declares that on August 18, 2015, he sent an email to counsel for Blanchard regarding the lawsuit filed by Leadership. Attorney Josh Lawler

declares that he requested counsel for Blanchard to confirm that he was authorized to accept service of process on behalf of Blanchard. (ECF No. 8-1 ¶ 5). Attorney Josh Lawler declares that on August 18, 2015, he received an email response from counsel for Blanchard stating, "Give some thought to not serving us for a period of time if your client can formulate a settlement proposal in the near future." *Id.* ¶ 5. Attorney Josh Lawler declares that Leadership "forebore serving its complaint based solely on the parties' ongoing discussions, including efforts to avert litigation." *Id.* ¶ 18.

On September 25, 2015, Plaintiff Blanchard initiated this action by filing a Complaint (the "Blanchard Complaint") against Leadership requesting declaratory relief, injunctive relief, fees and costs. (ECF No. 1).

On October 1, 2015, the Leadership Complaint was served on Blanchard.

On October 16, 2015, Defendant Leadership filed the motion to dismiss the Blanchard Complaint. (ECF No. 8). On November 9, 2015, Blanchard filed an opposition. (ECF No. 11). On November 16, 2015, Leadership filed a reply. (ECF No. 12).

On February 25, 2016, the Court heard oral argument.

**II. Allegations of the Complaint**

> Dr. Ken Blanchard ("Dr. Blanchard") is a prolific author and expert in the field of management training and leadership. Dr. Blanchard has authored and co-authored over 60 books on the topics of leadership, management, and personal and professional development, including the Leadership and the One Minute Manager: Increasing Effectiveness Through Situational Leadership. Over 30 million copies of these books have been sold in over thirty languages.
>
> Dr. Blanchard and Dr. Paul Hersey ("Dr. Hersey") first collaborated nearly 50 years ago on a leadership theory and model initially known as the "Life Cycle Theory of Leadership" that would later become known as "Situational Leadership." Each subsequently founded separate companies to further develop their respective theories, products, services, and training programs. Dr. Blanchard founded Plaintiff Blanchard Training, and Dr. Hersey founded Defendant Leadership Studies.
>
> For at least the past 33 years, Blanchard Training and Leadership Studies (itself and through its predecessor in interest) have operated in their respective businesses independently of each other and with knowledge of each other's activities, each using the term, "Situational Leadership" to identify and describe their differentiated and competing goods and services, which include workshops, publications, and certifications in the

fields of leadership development and professional skills training.

On August 17, 2015, Leadership Studies filed a Complaint, which has not been served, for (1) Breach of Written Contract; (2) Breach of the Covenant of Good Faith and Fair Dealing; (3) Trademark Infringement Under the Lanham Act, 15 U.S.C.A. §1125 [*sic*]; (4) Unfair Competition; (5) Copyright Infringement; (6) Accounting; and (7) Declaratory Relief (the "Leadership Studies Complaint") in this District, and the case was assigned Case No. 3:15-cv-01831-WQH-KSC. . . .

Blanchard Training seeks a declaratory judgment that in view of the unreasonable delay by Leadership Studies and prejudice that would result to Blanchard Training, the doctrine of laches prevents Leadership Studies from obtaining any legal or equitable relief for any of the alleged claims in the Leadership Studies Complaint.

Second, Blanchard Training seeks a declaration that acquiescence bars the claims in the Leadership Studies Complaint, in view of Leadership Studies' active representations that it would not assert a right or a claim, the inexcusable delay between the active representation and the assertion of the right or claim, and the resulting undue prejudice to Blanchard Training.

Third, Blanchard Training seeks a declaration that the applicable statutes of limitations bar the relief requested by Leadership Studies in the Leadership Studies Complaint.

Fourth, Blanchard Training seeks a declaration that Leadership Studies abandoned the SITUATIONAL LEADERSHIP mark through decades of naked licensing without the exercise of quality control, and therefore Blanchard Training is not infringing on the SITUATIONAL LEADERSHIP mark or engaging in unfair competition.

Fifth, Blanchard Training seeks a declaration that it has not infringed any of Leadership Studies' federally registered trademarks, in view of the activity being complained of in the Leadership Studies Complaint predating the priority dates of Leadership Studies' U.S. Trademark Registrations.

Finally, Blanchard Training seeks an award of fees and costs resulting from Leadership Studies' conduct in making meritless allegations in the Leadership Studies Complaint for improper and vexatious purposes that have prompted this lawsuit, including filing a lawsuit for the purpose of disrupting Blanchard Training's business activities, and for such other relief as the Court may deem just and proper.

(ECF No. 1 ¶¶ 1-10). Blanchard requests declaratory judgment on the issue of laches, acquiescence, expiration of statute of limitations, abandonment and non-infringement of Situational Leadership trademark, and non-infringement of federally registered trademark due to lack of priority. Blanchard requests

> a preliminary and permanent injunction enjoining and restraining Defendant and its respective officers, partners, employees, agents, parents,

> subsidiaries or anyone in privity with them, and all persons acting in concert with them and each of them:
>
>> a. from making any claims to any person or entity that Plaintiff, its customers, distributors, licensees, predecessors, successors or assigns, infringe SITUATIONAL LEADERSHIP or any related trademarks or copyrights through the activities described in the Leadership Studies Complaint;
>>
>> b. from interfering with, or threatening to interfere with the use of the SITUATIONAL LEADERSHIP trademark or any related trademarks or copyrights, by Plaintiff, its customers, distributors, licensees, predecessors, successors, or assigns; and
>>
>> c. from instituting or prosecuting any lawsuit or proceeding, placing in issue the right of Plaintiff, its customers, distributors, licensees, predecessors, successors or assigns, to use or register the SITUATIONAL LEADERSHIP trademark or any related trademarks or copyrights.

*Id.* at 25-26. Blanchard requests that "Plaintiff be declared a prevailing party in this action and that this action be declared an exceptional case under 15 U.S.C. § 1117," which would allow the Court to award reasonable attorney fees to the prevailing party. *Id.* at 26.

**III. Contentions of the Parties**

Leadership contends that "[w]here, as here, there is already-pending litigation that encompasses all of the factual and legal issues raised in a declaratory relief action . . . the second lawsuit should be stricken or dismissed." (ECF No. 8-1 at 8). Leadership contends that the appropriate procedure for Blanchard to obtain the relief it seeks is to serve an answer to the Leadership Complaint with defenses and counterclaims. Leadership contends that "while resolution of the pre-existing [Leadership] Lawsuit necessarily will resolve all of the issues raised in the Blanchard Lawsuit, the reverse is far from true." *Id.* at 14. Leadership contends that the Blanchard Complaint

> pleads affirmative defenses only to [Leadership's] trademark cause of action. . . . It ignores the remaining 6 causes of action concerning its breach of its contractual obligations to [Leadership] and its infringement of [Leadership's] copyrights, all of which have occurred recently and cannot be barred by its affirmative defenses, and overlaps some of [Leadership's] own requests for declaratory relief.

(ECF No. 8-1 at 7). Leadership contends that there is no need for a separate lawsuit.

Blanchard contends that the "first-to-file rule" does not apply in this case because the cases are related and pending before the same judge. (ECF No. 11 at 5). Blanchard contends that the Blanchard Complaint "serves the purposes of the Declaratory Judgment Act and there are no considerations here relating to forum shopping or duplicative litigation leading to conflicting results." *Id.* at 9 n. 2. Blanchard contends that "responding to the Leadership Studies Complaint is not a viable way to clarify the legal relations at issue at this time" because it "expects that the Leadership Studies Complaint will be dismissed, at least in part." *Id.* at 17. Blanchard contends that the claims made and relief sought in the Declaratory Judgment Complaint are necessary to settle the dispute.

## IV. Discussion

The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "[T]he district court must first inquire whether there is an actual case or controversy within its jurisdiction." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). "[I]f the court finds that an actual case or controversy exists, the court must decide whether to exercise its jurisdiction by analyzing the factors set out in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), and its progeny." *Robinson*, 394 F.3d at 669. The *Brillhart* factors are non-exclusive and state that, '[1)][t]he district court should avoid needless determination of state law issues; [2)] it should discourage litigants from filing declaratory actions as a means of forum shopping; and [3)] it should avoid duplicative litigation.'" *Id.* at 672 (quoting *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998)). Other considerations include:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata"

> advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Dizol*, 133 F.3d at 1225 n.5.

A court's determination whether to entertain an action for declaratory relief is discretionary. "[T]he Declaratory Judgment Act is 'deliberately cast in terms of permissive, rather than mandatory, authority.'" *Dizol*, 133 F.3d at 1223 (quoting *Pub. Serv. Comm'n of Utah v. Wycoff*, 344 U.S. 237, 250 (1952)).

The first-to-file rule "is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). The first-to-file rule can also be applied when two cases are filed in the same district. *See e.g., Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1294 (N.D. Cal. 2013) (finding that "the first to file rule is not limited to cases brought in different districts."); *Intervet, Inc. v. Merial Ltd.*, 535 F. Supp. 2d 112, 114-15 (D.D.C. 2008) (finding that "when two actions are functionally the same, except the plaintiff in one action is the defendant in the other and vice versa, and both actions are pending in the same district court . . . [t]he first-to-file rule provides a reasonable means to determine which action should be dismissed.").

"The most basic aspect of the first-to-file rule is that it is discretionary . . . ." *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). "While no precise rule has evolved, the general principle is to avoid duplicative litigation, and to promote judicial efficiency." *Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2000) (citations and internal quotations omitted). "The first-to-file rule was developed to 'serve the purpose of promoting efficiency . . . and should not be disregarded lightly.'" *Alltrade, Inc.*, 946 F.2d at 625 (quoting *Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)). "[I]t is not an abuse of discretion, and therefore not reversible error, for a district court judge to weigh the facts and conclude

that the rule should apply. The decision and the discretion belong to the district court." *Alltrade, Inc.*, 946 F.2d at 628. Courts analyze three factors in determining whether to dismiss a case pursuant to the first-to-file rule: "(1) chronology of the two actions; (2) similarity of the parties; and (3) similarity of the issues." *Brighton Collectibles, Inc. v. Coldwater Creek, Inc.*, No. 06-cv-1848, 2006 WL 4117032, at * 2 (Nov. 21, 2006 S.D. Cal) (citing *Alltrade*, 946 F.2d at 625); *Wallerstein*, 967 F. Supp. 2d at 1293.

In this case, Leadership filed its complaint over one month before Blanchard filed its complaint for declaratory relief. Although Blanchard served its complaint on Leadership before Leadership formally served its complaint on Blanchard, the Leadership Complaint was the first complaint filed for purposes of the first-to-file rule.[1] The parties in both cases are identical.

The Blanchard Complaint attaches the Leadership Complaint as an exhibit and requests that the Court issue injunctive relief prohibiting Leadership and its affiliates from bringing the types of claims against Blanchard that are alleged in the Leadership Complaint. (*See* ECF No. 1 at 25-26, Ex. A). The issues in the two complaints overlap to such an extent that the Court would necessarily have to reference and analyze the Leadership Complaint in order to assess the merits of the Blanchard Complaint. The Court finds that the case brought by Leadership has the capacity to resolve the claims asserted by both parties, including any defenses and counterclaims that Blanchard may allege in its answer to the Leadership Complaint.

Blanchard contends that bringing its defenses and requests for declaratory and injunctive relief in an answer to the Leadership Complaint will not provide it an adequate remedy because the Leadership Complaint may be dismissed pursuant to a pending motion to dismiss. However, after Blanchard made this argument in its opposition to the motion to dismiss, Leadership filed an amended complaint in the

---

[1] "A federal action is commenced by the filing of the complaint, not by service of process." *Pacesetter Systems, Inc.*, 678 F.2d at 96 n. 3 (finding meritless the contention that the first-to-file rule does not apply when the plaintiff served the second-filed complaint on the defendant before the defendant formally served the first-filed complaint on the plaintiff).

related case and Blanchard has filed a motion to dismiss only Leadership's copyright claims, not the trademark or breach of contract claims.  Therefore, whether or not Blanchard is successful in its motion to dismiss, there will be claims pending against Blanchard in the related case.  The Court finds that exercising jurisdiction over the complaint for declaratory relief would create duplicative litigation, and would not settle all aspects of the controversy.  *See Principal Life Ins. Co.*, 394 F.3d at 672; *see also Pacesetter Systems*, 678 F.2d at 96 ("Declaratory relief is intended to serve a unique function in patent disputes, eliminating multiple litigation and protecting competitors from infringement actions that are threatened but not pursued.  In contrast to those policies, Pacesetter's declaratory judgment action multiplies litigation.  It does not shield Pacesetter from an unfair threat of an infringement action . . . .") (citations omitted).  The Court concludes that in the interests of judicial efficiency and sound judicial administration, the motion to dismiss the Blanchard Complaint is granted.

## V. Conclusion

IT IS HEREBY ORDERED that the motion to dismiss (ECF No. 8) filed by Defendant Leadership Studies, Inc. is granted.  The Clerk of the Court shall enter judgment in favor of Defendant and against Plaintiff, dismissing the case without prejudice.

DATED: February 29, 2016

**WILLIAM Q. HAYES**
United States District Judge